IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 12-cv-02887-RBJ

BARBARA E. COAST,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

## ORDER

This case is before the Court on plaintiff Barbara Coast's Application for an Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 [ECF No. 19]. For the following reasons, the application is granted.

### I. FACTS

Ms. Coast applied for disability benefits on September 14, 2009. Her application was denied by the Social Security Administration on April 30, 2010. She then requested a hearing before an administrative law judge (ALJ), and the ALJ held a hearing on February 17, 2011. On April 22, 2011, ALJ Burgchardt issued an opinion denying benefits. The Appeals Council denied Ms. Coast's request for review on September 5, 2012. Thereafter Ms. Coast filed a timely appeal with this Court. In its January 21, 2014 Order [ECF No. 17], this Court reversed the decision of the ALJ, finding that (1) the ALJ improperly weighed the opinions of two treating physicians and (2) at step four of the Social Security Administration's five part process, the ALJ neglected to consider the full range of Ms. Coast's limitations in arriving at a residual functional

capacity (RFC) assessment. Ms. Coast now asks for an award of attorney's fees and expenses under the Equal Access to Justice Act. The government objects to such an award, arguing that its position was substantially justified.

## II. DISCUSSION

### A. Award of Fees Under the EAJA.

The Equal Access to Justice Act ("EAJA") provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, to prevail under the EAJA, a party must show that (1) it was the prevailing party, (2) the position of the United States was not substantially justified, and (3) there are no special circumstances that make an award unjust.

In a Social Security case, a plaintiff is the prevailing party when the district court remands to the Commissioner of Social Security under the fourth sentence of 42 U.S.C. § 405(g).[1] *Hackett v. Barnhart*, 475 F.3d 1166, 1168 (10th Cir. 2007). In its earlier Order [ECF No. 17], this Court reversed the decision of the Commissioner to deny Ms. Coast benefits and remanded the case to the Commissioner for additional review. Thus, Ms. Coast was the prevailing party. The government has not argued that there are any special circumstances that make an award unjust. Therefore, this analysis focuses on the second prong: whether the government's position was substantially justified.

### 1. The Government's Position.

In litigation following an administrative proceeding, the government's position is both

---

[1] The fourth sentence of 42 U.S.C. § 405(g) provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

the position it took in the underlying administrative proceeding and in subsequent litigation defending that position. *Hackett*, 475 F.3d at 1174. EAJA fees "generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Id.* (quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002)). In the present case, the Court finds that the government's underlying position was not substantially justified and therefore does not reach the question of whether its litigation position was also unreasonable.

    2. Substantially Justified.

When contesting an EAJA fee application, the burden is on the government to show that its position was substantially justified. *Hackett*, 475 F.3d at 1170. In the Tenth Circuit, "[t]he test for substantial justification . . . is one of reasonableness in law and fact. Thus, the government's position must be justified to a degree that could satisfy a reasonable person. The government's position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (internal citations and quotations omitted). However, the government's position is not substantially justified if it is unreasonable "as a whole." *Id.* at 1175.

    **B. The Weight of the Treating Physicians' Opinions.**

The Court found in its Order that the ALJ had erred by neglecting to engage in further analysis of weight she gave to the opinions of Dr. Crandall and Dr. Rich after declining to give them controlling weight. ECF No. 17 at 10. As the Court noted, "[u]nder the regulations, the agency rulings, and our case law, an ALJ must 'give good reasons in [the] notice of determination or decision' for the weight assigned to a treating physician's opinion." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (citing 20 C.F.R. § 404.1527(d)(2); Social Security Ruling 96–2p, 1996 WL 374188, at *5). Thus after determining that the doctors'

opinions should not be afforded controlling weight, the ALJ was required to explain why she gave them "little weight." *See id.* The Court found that her failure to do so was reversible error. ECF No. 17 at 10. Indeed, the Court noted that it was unclear from the ALJ's opinion whether and to what extent she considered any of the six factors listed in 20 C.F.R. § 404.1527(c), as she was required to do. *Id.* Accordingly, this Court remanded the case on this ground. *Id.* at 11.

The government now argues that the ALJ's position on this issue was substantially justified for the following reasons. None is persuasive.

Argument 1: The ALJ Gave Good Reasons for Giving the Opinions Little Weight.

First, the government notes that the reasons the ALJ gave for not giving the physicians' opinions controlling weight can also support the decision to give them little weight. ECF No. 20 at 4. Considering first Dr. Crandall's opinion, the ALJ found that the doctor's testimony was inconsistent with his own treatment notes and those of the plaintiff's primary care physician. R. [ECF No. 8] at 16, 17. The government contends that this justifies the decision to afford the opinion little weight. ECF No. 20 at 4. While it is true that inconsistencies like these may be a factor in the decision to give an opinion less weight, 20 C.F.R. § 404.1527(c)(4), it is not at all clear from the ALJ's opinion whether she considered this or any other of the 20 C.F.R. § 404.1527(c) factors at this stage. Inconsistency with the larger record is also a basis for declining to give an opinion controlling weight, 20 C.F.R. § 404.1527(c)(2), and the entirety of the ALJ's analysis on this point consists of the statement that "[Dr. Crandall's] testimony was inconsistent with not only Dr. Crandall's own treatment notes but [also] those from claimant's primary care facility and her reported functioning and accordingly afforded little, and axiomatically not controlling, weight." R. [ECF No. 8] at 17. While this statement supports a decision not to afford the opinion controlling weight, it is insufficient to support a decision to

give the opinion little weight. As this Court noted in its Order, to make a determination of "little weight," the opinion must be weighed using all of the factors provided in 20 C.F.R. §§ 404.1527 and 416.927. ECF No. 17 at 8–9 (citing *Watkins*, 350 F.3d at 1300). Although an ALJ is not required explicitly to discuss every factor, her opinion must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion *and the reasons for that weight*." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (emphasis added) (internal citations omitted). This Court found that "it is unclear from the opinion whether any of [the 20 C.F.R. § 404.1527(c)] factors was considered at this stage." ECF No. 17 at 10. Thus the ALJ did not give sufficiently specific reasons for the weight she afforded Dr. Crandall's opinion, as Tenth Circuit law requires, and her position lacks a reasonable basis in law.

Similarly with respect to Dr. Rich's opinion, the ALJ concluded that the opinion was inconsistent with the plaintiff's daily activities and other medical evidence. R. [ECF No.8] at 17. The government argues that this inconsistency served as a basis for the ALJ's decision to give the opinion little weight. ECF No. 20 at 4. However, the relevant section of the opinion states only that "the questionnaire prepared by ophthalmologist Dr. Rich was also reviewed and, as it was not consistent with claimant's activities and functioning, nor the medical records relative to her vision." R. [ECF No.8] at 17. It seems that part of this sentence is missing, and, in any event, again here the ALJ mentioned only the lack of consistency, which can be a factor in both the "controlling weight" and "little weight" analyses. As with Dr. Crandall's opinion, the ALJ was required to consider every factor under 20 C.F.R. § 404.1527 and be specific about why she assigned the weight that she did. *See Oldham v. Astrue*, 509 F.3d at 1258. This Court found that the ALJ failed to perform this required analysis; indeed, it was not clear to the Court that she

even considered any of the 20 C.F.R. § 404.1527 factors at this stage. ECF No. 17 at 10–11. For these reasons, the government's position with respect to Dr. Rich's opinion also lacks a reasonable legal basis.

Argument 2: Collapsing the Two Weight Analyses is Permissible.

The government also points out that the Tenth Circuit has declined to remand in a case in which the ALJ did not engage in the "controlling weight" analysis but instead went directly to the overall weight determination. ECF No. 20 at 5 (citing *Mays v. Colvin*, 739 F.3d 569, 575 (10th Cir. 2014)). However, that is not what the ALJ did here. In *Mays*, the Tenth Circuit did not remand despite the ALJ's skipping the "controlling weight" analysis because the decision not to afford controlling weight to the opinion in that case was implicit in the ALJ's general determination of what weight to afford it. 739 F.3d at 575. In contrast, in this case the Court found the "controlling weight" determination unobjectionable, but instead concluded that the ALJ had failed to provide an adequate explanation for her determination of "little weight" at the next stage of the analysis. ECF No. 17 at 9–11. This determination is not implicit in the initial "controlling weight" analysis, and thus the *Mays* case does not provide a reasonable basis in law for the government's position on this point.

Argument 3: The ALJ Did Address Some of the 20 C.F.R. § 404.1527(c) Factors.

Third, the government argues that the ALJ did in fact consider some of the factors under 20 C.F.R. § 404.1527. ECF No. 20 at 5–6. In particular, it argues that the ALJ considered whether the physicians' opinions were consistent with the record as a whole. *Id.* This point is addressed under the Court's analysis of Argument 1 above—while the ALJ did mention consistency, it is not clear from the opinion that she did so in the second stage of the analysis, after concluding that the opinions should not be afforded controlling weight.

The government also notes, without citing to the record, that the ALJ "stated that she considered the doctors' opinions consistent with § 404.1527" and argues that there is a general practice of taking a lower tribunal at its word when it declares that it has considered a matter. ECF No. 20 at 5. However, as an initial matter, the only reference to 20 C.F.R. § 404.1527 in the relevant section of the opinion is a general statement that "[t]he undersigned has also considered opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p." R. [ECF No. 8] at 15. Furthermore, this Court specifically found that "it is unclear from the opinion whether [the § 404.1527(c)] factors were considered at this [second stage]." ECF No. 17 at 10. Thus it is not clear from the opinion that the ALJ considered this matter, and this argument does not provide a legally reasonable basis for the ALJ's position.

Argument 4: The ALJ's Interpretation of the Evidence Was Not Unreasonable.

Finally, the government argues that even if substantial evidence might support another interpretation of the evidence in this case as a whole, the ALJ's interpretation was not unreasonable, noting the Court's statement that "there seems to be substantial medical evidence supporting Dr. Crandall and Dr. Rich's opinions, even if there might be contradictory evidence as well." ECF No. 20 at 6 (quoting ECF No. 17 at 10). The Court made that comment in the context of suggesting that factors (3) and (4) from 20 C.F.R. § 404.1527(c) would seem to be helpful in the analysis of how much weight to give the physicians' opinions; it was not a comment on the reasonableness of the ALJ's interpretation of the evidence. Thus this argument is unnecessary.

To sum up, this Court in its earlier Order found that the ALJ failed to engage in the proper legal analysis in making the determination to give Dr. Crandall's and Dr. Rich's opinions little weight. None of the arguments the government makes in defense of the ALJ's position

convince the Court that the position has a reasonable basis in law. Accordingly the Court finds that the government's underlying position on this issue was not substantially justified.

### C. **Inadequate Residual Functional Capacity Determination at Step Four**.

This Court also found that the ALJ erred in not considering Ms. Coast's non-severe, exertional impairments at step four, as is required under 20 C.F.R. § 404.1523. ECF No. 17 at 12–13. The government puts forth two arguments for why the ALJ's position was substantially justified. Neither is persuasive.

Argument 1: Such Error Can Be Harmless.

First, the government notes that the Tenth Circuit has found that failing to consider a non-severe impairment at step four is a harmless error when there is no substantial evidence that would allow a reasonable factfinder to include any limitation based on that impairment in the RFC. ECF No. 20 at 7 (citing *Alvey v. Colvin*, 536 F. App'x 792, 795 (10th Cir. 2013)). While that is correct, this Court's Order makes clear that this was not the case here:

> Impairments, even if they are not severe, must be included in a residual functional capacity assessment. 20 C.F.R. § 404.1523. Ignoring these issues makes it impossible to determine whether the RFC complied with the regulations and presented an accurate picture to the vocational expert. For example, jobs identified by the expert involve "occasional stooping and frequent reaching, handling, and fingering." Dictionary of Occupational Titles, Selected Characteristics of Occupations 239.567-010, 211.462-010, 299.677-010. On review, this Court cannot be sure the expert would have identified these jobs if the RFC properly contained all of Ms. Coast's impairments.

ECF No. 17 at 13. Because the Court did not find the ALJ's error in failing to consider the plaintiff's non-severe impairments at step four harmless, the government's underlying position on this issue has no reasonable basis in law.

Argument 2: The ALJ Was Entitled to Rely on Plaintiff's Attorney's Representation.

The government also argues that the ALJ did not err in ignoring the plaintiff's non-

8

severe, exertional impairments because the ALJ was permitted to rely on her attorney's statement that Ms. Coast did not "have a physical limitation that we're referring as an impairment" other than her vision problems. ECF No. 20 at 7 (citing R. [ECF No. 8] 27–28). However, this Court noted in its Order that it was "not convinced that Ms. Coast's attorney was suggesting that his client's exertional limitations did not exist, merely that he did not intend to argue they should lead to a finding of severity by the ALJ." ECF No. 17 at 13 n.6. The Court went on to comment that "in any case, what matters is not what the attorney said, but what the ALJ found. And because she concluded those allegations were non-severe impairments, they must be considered throughout the disability determination process." *Id.* The same reasoning answers the government's argument here. Regardless of what Ms. Coast's attorney argued at the hearing, the ALJ in her opinion found non-severe impairments at step two, but then failed to consider them at step four. This analysis is in direct conflict with the approach laid out in 20 C.F.R. § 404.1523 and thus has no reasonable basis in law.

In sum, the ALJ's failure to consider Ms. Coast's non-severe impairments at step four was a clear legal error. Neither of the government's arguments convinces the Court that the ALJ's position was legally reasonable. Again here, the government's underlying position was not substantially justified.

### D. Fees.

Because the government has failed to meet its burden of showing that its position was substantially justified, the plaintiff is entitled to an award of attorney's fees. Plaintiff requests an award of $7,563.37 in fees based 48.5 hours of attorney time at a rate of $187.79 per hour, discounted by $1,544.55 "in the spirit of compromise." ECF No. 19 at 3. The Commissioner did not dispute the $7,000 award requested in Plaintiff's Motion or the rate that Plaintiff used to

arrive at that amount. *See* ECF No. 20. The additional $563.37 represents 3 hours of work on Plaintiff's Reply. ECF No. 21 at 8. Time spent on a reply brief in these circumstances is compensable. *See Commissioner, INS v. Jean*, 496 U.S. 154, 164 (1990).

To determine a reasonable fee request, a court must begin by calculating the "lodestar amount," or the product of the number of attorney hours reasonably expended and a reasonable hourly rate. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). "Once an applicant for a fee has carried the burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be a reasonable fee." *Id.* The Court finds that the hours claimed for attorney work and the plaintiff's suggested rate are reasonable. Thus the Court concludes that $7,563.37 is a reasonable fee in this case.

## ORDER

For the foregoing reasons, the plaintiff's Application for an Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 [ECF No. 19] is GRANTED. The parties agree that the fee award should be made payable directly to the plaintiff. *See* ECF No. 20 at 8; ECF No. 21 at 9. Accordingly, the Court directs that the approved fee of $7,563.37 be made payable to Barbara E. Coast and be sent directly to her attorney's law office as indicated in the plaintiff's Reply. ECF No. 21 at 12.

DATED this 27th day of October, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge